UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRANDON PRYOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-CV-625-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Brandon Pryor, a prisoner without a lawyer, filed a habeas corpus petition challenging his prison disciplinary hearing in IYC 16-04-157 where a Disciplinary Hearing Officer (DHO) at the Plainfield Correctional Facility found him guilty of Unauthorized Possession of Property in violation of B-215 on May 12, 2016. ECF 1 at 1. As a result, Pryor was demoted from Credit Class 2 to Credit Class 3. *Id*.

After Pryor filed his petition, the Warden filed a motion to dismiss because the Indiana Department of Correction vacated the finding of guilt and sanctions and dismissed the disciplinary hearing challenged in the petition. ECF 12, ECF 12-2. Pryor objected to the motion to dismiss asserting the Warden had not restored the 90 days of earned credit time that he lost as a result of being demoted from Credit Class 2 to Credit Class 3. ECF 15 at 4-5, ECF 16 at 1-2. The Court then ordered the Warden to file a reply to the motion to dismiss addressing how much of Pryor's earned credit time (as a result of his demotion in credit class) had been returned to him and providing the effective date that Pryor's demotion to Credit Class 3 had been reversed. ECF 17 at 2.

On April 24, 2018, the Warden filed a reply along with an Offender Information System Credit Action printout showing that because the conviction and sanctions in IYC 16-04-157 were vacated, the system was corrected so that no credit time was lost and no demotion from Credit Class 2 to Credit Class 3 were ever applied in this disciplinary proceeding. ECF 18, ECF 18-3 at 1-3. Because the challenged disciplinary proceeding and sanctions have been vacated, this case must now be dismissed. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

For these reasons, the Warden's motion to dismiss (ECF 12) is GRANTED and the case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED on May 21, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT